313 P.2d 803

In re general determination of rights to the use of all water, both surface and underground, in the ESCALANTE VALLEY DRAINAGE AREA.

Walter W. COOK, Appellant,

v.

Joseph M. TRACY, State Engineer of the State of Utah, Respondent.

No. 8625.

Supreme Court of Utah.

July 25, 1957.

Cline, Wilson & Cline, Milford, for appellant.

E. R. Callister, Jr., Atty. Gen., and Robert B. Porter, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a judgment affirming the state engineer's disapproval of an underground water claim on the basis of nonuser. Reversed. No costs awarded.

■ In 1924, plaintiff's predecessor developed a well and beneficially used the underground water produced therefrom until 1930. During the next five years, through 1934, he did not use the water. In 1935, Wrathall v. Johnson[1] and Justesen v. Olsen[2] were decided by this court, quickly followed by legislation that adopted the new and revolutionary concept of those decisions to the effect that the sovereign owned *all* waters whether coursing in well defined surface or subterranean channels or not.[3] This was a complete reversal of the previous pronouncements of this court,[4] in which repeatedly it had been held that the owner of the land owned the water beneath, as an adjunct of the ancient concept reflected in the maxim "cujus est solum, ejus usque ad coelum et ad inferos," extending ownership from the center of the earth upwards to the sky's limit. Prior to the decisions and legislation mentioned, the latter philosophy, applied to underground water, had been accepted by bench, bar and people generally; and any lawyer who advised his client otherwise would have been considered incompetent. To penalize a claimant under the facts of this case would be to charge him with an unrealistic omniscience.

No hint lingers here that the claimant or his predecessor acted other than honestly, diligently and in complete good faith in reliance on the erstwhile pronouncements of this court. We have no desire to permit our own recantations to become instruments of inequity, and believe that no such situation need eventuate here for the reasons hereinafter mentioned. When such situation evolves, we will meet it.

■ Until the 1935 Wrathall decision and the legislation which followed, there had been no statutory procedure for the appropriation of underground waters, everyone believing that the owner of the surface owned the water beneath unless it flowed in a defined channel. Thousands of underground water rights were created and now persist without application for appropriation. No one advanced the philosophy that one could lose such rights by nonuser, since it was believed that one might use the un-

1. 86 Utah 50, 40 P.2d 755.
2. 86 Utah 158, 40 P.2d 802.
3. Chap. 105, Laws of Utah 1935; Title 100–1–1, U.C.A.1943; Title 73–1–1, U.C.A. 1953.
4. See cases cited in Riordan v. Westwood, 115 Utah 215, 203 P.2d 922.

derground water as he saw fit, without losing his proprietary right therein, just as he would not lose his land by nonuser during any period of time. The legislature recognized the inequity of not recognizing what people believed to have been an absolute right, knocked out by the Wrathall decision, by attaching a sort of "color of title" character to such believed-to-be rights, in its 1935 legislation. In the section dealing with application for extensions of time [5] the legislature specifically exempted underground or subterranean waters, thus making it appear that it had considered that the nonuse statute existing prior to the Wrathall case was inapplicable to such waters; thus making it appear that it recognized some kind of personal right to such waters, and thus evincing a disposition to continue such recognition by its prospective exemption from the nonuser statutes. As if to emphasize this disposition, the legislature then continued to recognize such claimants by passing a statute which gave them one year within which to file and prove their claims to the underground waters before an abandonment or forfeiture would occur.[6] It would appear that these statutes reflected a disposition on the part of the legislature to protect those who believed they had rights were eliminated by the Wrathall case, to the complete surprise of almost all concerned with underground waters, and to

give to claimants of such water a year's pre-emption to preserve to themselves the use of such water irrespective of the prior history of water rights therein and irrespective of any prior factual question as to nonuse thereof for any specific time.

The order of the court will be reversed and an order entered allowing plaintiff's claim.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

5. Chap. 104, Laws of Utah 1935.

6. Chap. 105, Laws of Utah 1935 (100-5-12).